NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 170891-U

NOS. 4-17-0891 & 4-17-0893 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 14, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| KEITH J. MARRISSETTE, | ) | Nos. 17CF363 |
| Defendant-Appellant. | ) | 17CF504 |
| | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Knecht and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding defendant could not prevail under the plain-error doctrine where the evidence at the hearing on his motion to withdraw his guilty pleas was not closely balanced and the alleged error was not so serious that it denied defendant a fair hearing.

¶ 2    In May 2017, defendant, Keith J. Marrissette, pleaded guilty to vehicular invasion and unlawful possession of a weapon by a felon. Under the fully negotiated guilty pleas, the trial court sentenced defendant to six years' imprisonment for the vehicular invasion and three years' imprisonment for the unlawful possession of a weapon by a felon. That same month, defendant filed a *pro se* motion to withdraw his guilty pleas. In December 2017, the court denied defendant's motion.

¶ 3        Defendant appeals, arguing the trial court erred by denying his motion to withdraw his guilty pleas where the court relied on unsworn statements that could not serve as competent evidence. For the following reasons, we affirm the trial court's judgment.

¶ 4                            I. BACKGROUND

¶ 5        In March 2017, the State charged defendant with vehicular invasion and domestic battery (Champaign County case No. 17-CF-363). In April 2017, the State charged defendant with unlawful possession of a weapon by a felon and possession of a firearm without the requisite firearm owner's identification card (Champaign County case No. 17-CF-504). In May 2017, the trial court held a hearing where defendant pleaded guilty to vehicular invasion and unlawful possession of a weapon by a felon. Defendant appeared with his counsel, Edwin Piraino. The court advised defendant of the rights he would give up by pleading guilty. The court described the charges and penalties to defendant and asked if he understood them. Defendant indicated he understood the charges and had no questions. The court asked defendant if his guilty pleas were voluntary and of his own free will, and defendant responded, "Yes, sir."

¶ 6        The State indicated the negotiated pleas would require defendant to plead guilty to vehicular invasion with a six-year term of imprisonment and unlawful possession of a weapon by a felon with a three-year concurrent term of imprisonment. Defendant agreed to the terms of the pleas and indicated he had not been promised anything else nor had he been forced or threatened. The trial court accepted defendant's guilty pleas. Defendant waived a presentence investigation report, and the State reviewed defendant's criminal history, which included five prior felony convictions. The court sentenced defendant to concurrent terms of six- and three-years' imprisonment.

¶ 7        Defendant filed a motion to withdraw his guilty pleas, alleging he received

ineffective assistance of counsel where (1) counsel told defendant the preliminary hearing was a

waste of time and coerced defendant into waiving the hearing, (2) counsel told defendant to

accept the plea deals or he would not put up a good argument at trial, and (3) counsel ignored

defendant's claims that the judge had a conflict of interest.  Defendant filed various *pro se*

motions requesting drug treatment programs and a reduced sentence and alleging ineffective

assistance of counsel.  Newly appointed counsel filed an amended motion to withdraw the guilty

pleas, alleging (1) counsel failed to go over discovery with defendant, (2) counsel coerced and

rushed defendant into pleading guilty, and (3) defendant's pleas were not knowing and

voluntary.

¶ 8        The transcript from the hearing on defendant's motion to withdraw his guilty

pleas included the following line after indicating defendant took the stand: "called as a witness

on his own behalf, being first duly sworn, was examined and testified as follows."  Defendant

testified he was previously represented by Piraino when he entered into the guilty pleas.

Defendant stated, "First, I was coerced, and basically he told me let me, you know, basically

agree with what I say, go with what I say, and me and Difanis have issue where, you know, I get

what I want basically, so I went with that."  According to defendant, he appeared in court and

Piraino "rushed" a paper to him.  Defendant testified,

            "I signed some papers and didn't even really know what I was

            signing, so basically, you know, you—you didn't show me

            discovery, I don't know what you have.  Maybe if I read it and it

            went through my discovery I would have went with—consider

            going with trial, which I never—I'm assuming he goes to trial

because based on him being a lawyer I supposed to trust on him, which he lied to me because, you know, different things is me going through my own case to find out that, you know, I wouldn't be sentenced to this and I would never—never took this time."

Defendant further testified he felt Piraino did not represent him to the best of his ability. Although defendant said he had not been forced or coerced at the guilty plea hearing, he did not speak up at that time because Piraino had told him to say yes and not to ask questions.

¶ 9        After newly appointed counsel indicated he had no further questions, the following exchange occurred:

"THE COURT: Miss Schott, do you have—are you going to call Mr. Piraino?

MR. PIRAINO: I certainly can, Your Honor.

THE COURT: Mr. Piraino, step up here. You're an officer of the court.

Go ahead, Miss Schott."

The transcript included the following line after indicating Piraino took the stand: "called as a witness on behalf of the People, was examined and testified as follows." Piraino stated he represented defendant in both his cases. According to Piraino, he negotiated with the State on the plea offers and the State reduced the offered sentences during negotiations. Piraino spoke with defendant about the plea offers on numerous occasions.

¶ 10        Defendant also signed an explanation of waiver form that indicated Piraino went over discovery with defendant and explained the plea offers. Piraino provided copies of the explanation and agreements of defendant's rights in both cases. The court read aloud from the

agreement signed by defendant as follows: "I acknowledge that I have had conversations and consultations with my attorney. He has fully discussed my case with me and all available options in detail to complete—to my complete satisfaction, including but not limited to all of the following details. He has either given me copies of discovery or discussed with me." Piraino denied that the form was a boilerplate because it contained each individual's name, case number, and three items a person could mark to indicate how they wished to proceed. Although he did not keep records of his meetings, Piraino stated he had numerous conversations with defendant. Piraino entered his appearance on April 13, 2017, and defendant pleaded guilty on May 3, 2017.

¶ 11           The trial court excused Piraino and stated, "All right, counsel. It appears that [defendant's] protestations are not credible. I'm going to deny the motion to withdraw his guilty plea in both of these matters."

¶ 12           This appeal followed. We docketed Champaign County case No. 17-CF-363 as case No. 4-17-0891 and Champaign County case No. 17-CF-504 as case No. 4-17-0893. We have consolidated the cases for review.

¶ 13                              II. ANALYSIS

¶ 14           On appeal, defendant argues the trial court erred by denying his motion to withdraw his guilty pleas where the court relied on unsworn statements that could not serve as competent evidence. Defendant concedes this argument is forfeited because counsel did not object to Piraino's testimony. However, defendant contends this court should reverse and remand for a new hearing under both prongs of the plain-error doctrine.

¶ 15           A defendant forfeits review of an issue where he or she fails to object to an alleged error that could have been raised before the trial court. *People v. Herron*, 215 Ill. 2d 167, 175, 830 N.E.2d 467, 472 (2005).

- 5 -

"[T]he plain-error doctrine allows a reviewing court to consider unpreserved error when (1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565, 870 N.E.2d 403, 410-11 (2007).

However, the plain-error doctrine does not allow for review of all forfeited errors; rather, it is a narrow and limited exception to the forfeiture rule reserved for the purpose of protecting the rights of the defendant and the integrity and reputation of the judicial process. *Herron*, 215 Ill. 2d at 177.

¶ 16 Even if we assume the trial court erred in relying on defense counsel's unsworn testimony, we conclude defendant cannot prevail under the plain-error doctrine.

¶ 17 Under the first prong of the plain-error doctrine, a defendant must show a clear error occurred and the evidence was closely balanced. Defendant contends the evidence was closely balanced because the only evidence the State introduced to counter defendant's testimony was Piraino's unsworn testimony. Defendant ignores the fact that he testified he told the court his guilty pleas were voluntary and of his own free will and he did not say otherwise at the guilty plea hearing. Although defendant testified he did not say anything about the alleged coercion because he was following his attorney's advice, our review of the hearing shows defendant's testimony largely consisted of legal conclusions. While defendant testified he was "coerced,"

nothing in his testimony shows *how* his attorney coerced him. He testified the guilty plea hearing was rushed and that he had no opportunity to read the papers he was signing, but the transcript of the guilty plea hearing shows the trial court carefully admonished defendant, asked him if he understood the consequences of his guilty pleas, and asked whether his pleas were voluntary and of his own free will. In light of the record, defendant's testimony at the motion to withdraw his guilty plea was incredible even without Piraino's allegedly unsworn testimony or the allegedly inadmissible document defendant signed acknowledging the waiver of his rights.

¶ 18    Our review of the record shows the evidence was not closely balanced such that defendant's claim of error should be reviewed under the first prong of the plain-error doctrine. Moreover, defendant cannot show that the outcome would have been different if the error had been corrected. Defendant does not suggest that Piraino's sworn testimony would have been different in any way. As discussed above, defendant's testimony was incredible taken on its face without considering Piraino's testimony. Accordingly, we conclude defendant cannot prevail under the first prong of the plain error doctrine. We note defendant argues this court has improperly held that a defendant must also show the "resulting possibility that the error might have contributed to the unfavorable outcome." *People v. Ely*, 2018 IL App (4th) 150906, ¶ 18, 99 N.E.3d 566. However, because we conclude the evidence was not closely balanced, we decline to address this argument.

¶ 19    Defendant argues this court should reverse and remand for another hearing on his motion to withdraw his guilty pleas under the second prong of the plain-error doctrine. Defendant contends the hearing was fundamentally unfair because Piraino was not sworn before testifying and this denied defendant his constitutional right to confront the witness. First, defendant cites no authority to support his argument that he has a constitutional right to confront

his former counsel's testimony during a hearing to withdraw his guilty plea. *People v. Bean*, 137 Ill. 2d 65, 80-81, 560 N.E.2d 258, 265 (1990), merely noted the right to confront witnesses was a substantial right of a criminal defendant during his trial. That case did not involve an alleged right to confront witnesses at a hearing to withdraw a guilty plea. Similarly, *People v. Kliner*, 185 Ill. 2d 81, 130, 705 N.E.2d 850, 876 (1998) involved a defendant's right to cross-examine a witness during his criminal trial. Even if defendant cited authority supporting his argument that he has a constitutional right to confront his former defense counsel during a hearing on his motion to withdraw his guilty pleas, the present situation does not implicate that right. Piraino testified *and was subjected to cross-examination*. The trial court's alleged failure to administer an oath did not infringe on defendant's right to confront the witness. The record shows newly appointed counsel cross-examined Piraino, effectively asserting defendant's right to confront the witness.

¶ 20        We reject defendant's argument that his constitutional rights were denied, thus rendering the hearing on his motion to withdraw his guilty pleas fundamentally unfair. Defendant did in fact have the opportunity to confront the witness and the trial court's alleged failure to swear Piraino before he testified does not change that fact. Accordingly, we conclude defendant cannot prevail under the second prong of the plain-error doctrine because the alleged error was not so serious that it affected the fairness of the hearing or challenged the integrity of the judicial process. Accordingly, we affirm the judgment of the trial court.

¶ 21                                III. CONCLUSION

¶ 22        For the reasons stated, we affirm the trial court's judgment.

¶ 23        Affirmed.